**NOT FOR PUBLICATION IN WEST'S HAWAII REPORTS OR THE PACIFIC REPORTER**

<span style="color:red">**Electronically Filed
Intermediate Court of Appeals
CAAP-19-0000522
22-APR-2022
07:51 AM
Dkt. 74 SO**</span>

NOS. CAAP-19-0000522 & CAAP-20-0000478

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

MTGLQ INVESTORS, L.P., Plaintiff-Appellee,
v.
ASSOCIATION OF APARTMENT OWNERS OF ELIMA LANI
CONDOMINIUMS, Defendant-Appellant,
and
NOAH HENRY CLIFFORD; THE BANK OF NEW YORK MELLON
FKA THE BANK OF NEW YORK, AS SUCCESSOR TRUSTEE
TO JPMORGAN CHASE BANK, N.A., AS TRUSTEE ON BEHALF
OF THE CERTIFICATEHOLDERS OF THE CWHEQ INC., CWHEQ
REVOLVING HOME EQUITY LOAN TRUST, SERIES 2005-F;
WAIKOLOA VILLAGE ASSOCIATION, Defendants-Appellees,
and
JOHN DOES 1-20; JANE DOES 1-20; DOE CORPORATIONS 1-20;
DOE ENTITIES 1-20; and DOE GOVERNMENTAL UNITS 1-20,
Defendants

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CIVIL NO. 17-1-0299K)

SUMMARY DISPOSITION ORDER
(By: Ginoza, C.J., and Wadsworth and McCullen, JJ.)

In these consolidated appeals, Defendant-Appellant
Association of Apartment Owners of Elima Lani Condominiums (**the
AOAO**) appeals from: (1) the June 27, 2019 Amended Judgment
(**Foreclosure Judgment**) entered by the Circuit Court of the Third
Circuit (**Circuit Court**)[1] in favor of Plaintiff-Appellee MTGLQ
Investors, L.P. (**MTGLQ**) and against Defendant-Appellees Noah
Henry Clifford (**Clifford**); The Bank of New York Mellon fka The
Bank of New York, as Successor Trustee to JPMorgan Chase Bank,

---

[1] The Honorable Melvin H. Fujino presided.

N.A., as Trustee on Behalf of the Certificateholders of the CWHEQ Inc., CWHEQ Revolving Home Equity Loan Trust, Series 2005-F (**Bank of New York**); Waikoloa Village Association (**WVA**); and the AOAO (collectively, **Defendants**); and (2) the June 26, 2020 Judgment (**Confirmation Judgment**) entered by the Circuit Court in favor of MTGLQ and against Defendants.  The AOAO also challenges the Circuit Court's:  (1) June 17, 2019 "Amended Findings of Fact, Conclusions of Law and Order Granting [MTGLQ's] Motion for Default Judgment Against [Clifford, Bank of New York, and WVA] and Summary Judgment Against [the AOAO] and for Interlocutory Decree of Foreclosure" (**Foreclosure Decree**); and (2) June 26, 2020 "Order Confirming Foreclosure Sale, Approving Commissioner's Report, Allowance of Commissioner's Fees, Attorney's Fees, Costs, Directing Conveyance and for Writ of Ejectment" (**Confirmation Order**).

For the reasons explained below, we affirm the Foreclosure Judgment and the Confirmation Judgment.

## I.  Background

On September 27, 2017, MTGLQ filed a Complaint for Mortgage Foreclosure against Defendants regarding the subject property (**Property**).  The AOAO answered the complaint; the remaining defendants did not.

Prior to the filing of the complaint, the AOAO conducted a nonjudicial foreclosure of its lien on the Property. On July 23, 2015, the AOAO recorded an affidavit of nonjudicial foreclosure under power of sale in the State of Hawaii Bureau of Conveyances (**Bureau**).  On July 27, 2015, a Quitclaim Deed transferring title to the Property to the AOAO was recorded in the Bureau.  The Quitclaim Deed stated that it was "subject . . . to all encumbrances of record[.]"

On October 29, 2018, MTGLQ filed a motion for default judgment against all Defendants and for an interlocutory decree of foreclosure (**Motion for Default Judgment**).  Default had been previously entered against all Defendants on August 9, 2018, but on January 11, 2019, the entry of default against the AOAO was set aside via stipulation and order.

On January 25, 2019, MTGLQ filed a motion for summary judgment against the AOAO and for an interlocutory decree of foreclosure (**Motion for Summary Judgment**).  The AOAO filed a limited memorandum in opposition to the Motion for Default Judgment and a similar limited memorandum in opposition to the Motion for Summary Judgment.  The AOAO contended that as the owner of the Property, it should continue "to maintain possession of the Property, manage and preserve the Property, and if appropriate, continue to rent the Property until completion of the current foreclosure action under [Hawaii Revised Statutes (**HRS**)] § 514B-146(b)."  The AOAO also reserved its position regarding its right to collect a six-month special assessment under HRS § 514B-146(j), (k), and (l).

On June 17, 2019, the Circuit Court entered the Foreclosure Decree, which, *inter alia*, granted the Motion for Default Judgment and the Motion for Summary Judgment.  The Circuit Court appointed a commissioner, authorizing and directing him:  "to take possession and control of the Property, including but not limited to, collecting rental payments and to sell the Property at a public sale . . . [,]" subject to confirmation by the Circuit Court.  The Foreclosure Judgment was entered on June 27, 2019.  The AOAO filed a timely notice of appeal, initiating CAAP-19-0000522.

On January 21, 2020, the Commissioner filed his report, stating, *inter alia*, that MTGLQ had placed the first (and it appears, only) bid at the foreclosure auction – a credit bid in the amount of $193,600.  The Commissioner also stated that he had collected $3,275.00 in rent before the tenant vacated the unit on November 1, 2019.

On February 2, 2020, MTGLQ filed a motion for an order confirming the foreclosure sale, approving the Commissioner's Report, allowing the Commissioner's fees, attorneys' fees, and costs, directing conveyance, and for a writ of ejectment (**Motion to Confirm**).  The AOAO filed a limited opposition in which it opposed MTGLQ's request that rent collected by the Commissioner be paid to MTGLQ.

3

Following a hearing on the Motion to Confirm, the Circuit Court entered the June 26, 2020 Confirmation Order, which, *inter alia*, confirmed the sale of the Property to MTGLQ, denied AOAO's request that it be paid the $3,275.00 in rental income collected by the Commissioner, ordered that rent on the Property collected by the Commissioner be paid to MTGLQ, and ordered that all named Defendants junior to MTGLQ's interest be terminated from any right, title, and interest in the Property. The Confirmation Judgment was entered on the same date. The AOAO filed a timely notice of appeal, initiating CAAP-20-0000478.

## II. Points of Error

The AOAO raises three points of error.

In CAAP-19-0000522, the AOAO contends:

1. "The [C]ircuit [C]ourt committed reversible error when it purportedly vested the Commissioner with and divested the [AOAO] of equitable and legal title to the Property owned by the [AOAO]"; and

2. "The [C]ircuit [C]ourt committed reversible error when it agreed with [MTGLQ] that the right to possess and collect rental income from the Property was within the Commissioner's discretion upon the entry of the [Foreclosure Decree], and ordered the Commissioner 'to take possession and control of the Property' owned by the [AOAO], including the collection and retention of rents."

In CAAP-20-0000478, the AOAO additionally contends: "The Circuit Court committed reversible error when it awarded [MTGLQ] the rents previously collected by the Commissioner from the [AOAO's] tenant where no excess rents were found to exist." (Formatting altered.)

## III. Discussion

### A. Appeal from the Foreclosure Decree and Judgment

The AOAO contends that the Circuit Court erred in vesting the Commissioner with equitable and legal title to the Property by way of the Foreclosure Decree, which authorized and directed the Commissioner "to take possession and control of the

4

Property, including but not limited to collecting rental payments[.]" However, the Foreclosure Decree does not purport to vest title in the Property to the Commissioner, and the AOAO does not explain how the quoted language accomplished that alleged result.

Moreover, the Circuit Court did not err or abuse its discretion in ordering the Commissioner to take possession and control of the Property, including the collection of rents, and to sell the Property at public auction. The AOAO's title to the Property was subject to MTGLQ's mortgage lien, and a judgment of foreclosure is a final determination of a foreclosed party's ownership interest in the subject property. In other words, AOAO's ownership rights in the Property were foreclosed when the Foreclosure Judgment was entered, even though further proceedings were necessary to enforce and otherwise effectuate the Foreclosure Decree and the Foreclosure Judgment. See Bank of N.Y. Mellon v. Larrua, 150 Hawaiʻi 429, 439-40, 504 P.3d 1017, ___ (App. 2022); U.S. Bank Tr., N.A. v. Ass'n of Apartment Owners of Waikoloa Hills Condo. Phase I, ___ Hawaiʻi ___, ___, ___ P.3d ___, ___, No. CAAP-18-0000486, 2022 WL 574511, at *8 (Haw. App. Feb. 25, 2022).

Accordingly, the AOAO's appeal from the Foreclosure Decree and Judgment is without merit.

**B. Appeal from the Confirmation Order and Judgment**

The AOAO contends that the Circuit Court erred in ordering that "rent on the Property collected by the Commissioner, if any, shall be paid to [MTGLQ] and forwarded in care of [MTGLQ]'s attorneys." The AOAO cites HRS § 514B-146(n) (2018),[2] arguing that the Circuit Court should have allowed the

---

[2]      HRS § 514B-146(n) states:

After any judicial or nonjudicial foreclosure proceeding in which the association acquires title to the unit, any excess rental income received by the association from the unit shall be paid to existing lien holders based on the priority of lien, and not on a pro rata basis, and shall be applied to the benefit of the unit owner. For purposes of this subsection, excess rental income shall be any net income received by the association after a court has issued a final

(continued...)

AOAO to retain rental proceeds from the Property until completion of the foreclosure action under HRS § 514B-146(b).

This issue was also addressed in <u>Larrua</u>.  There, this court construed HRS § 514B-146(k) (Supp. 2017)<sup>3/</sup> as follows:

> HRS § 514B-146(k) therefore addresses only how an AOAO must utilize any rental income it receives after its own foreclosure on the unit, when its interest is subsequently foreclosed upon by a mortgagee, instructing it to pay amounts for delinquent assessments that might remain outstanding <u>against the unit owner</u>, maintenance fee delinquencies, fees and costs related to the AOAO's foreclosure, and any costs incurred by the association while in possession of the unit.  The statute does not, however, necessarily entitle an AOAO to receive such rental income from a unit following the subsequent entry of a foreclosure decree and judgment in favor of a mortgagee.

<u>Larrua</u>, 150 Hawaiʻi at 443-44, 504 P.3d at ___; <u>see</u> <u>id.</u> at 446, 504 P.3d at ___ ("HRS § 514B-146(k) . . . does not necessarily entitle the AOAO to receive rental income from a unit after the entry of a foreclosure decree and judgment in favor of the pre-existing mortgagee, but merely addresses the allocation of any such income.").

Moreover, as in <u>Larrua</u>, the Confirmation Order here

---

<sup>2/</sup>  (...continued)
judgment determining the priority of a senior mortgagee and after paying, crediting, or reimbursing the association or a third party for:

> (1)  The lien for delinquent assessments pursuant to subsections (a) and (b);
>
> (2)  Any maintenance fee delinquency against the unit;
>
> (3)  Attorney's fees and other collection costs related to the association's foreclosure of the unit; or
>
> (4)  Any costs incurred by the association for the rental, repair, maintenance, or rehabilitation of the unit while the association is in possession of the unit including monthly association maintenance fees, management fees, real estate commissions, cleaning and repair expenses for the unit, and general excise taxes paid on rental income;

provided that the lien for delinquent assessments under paragraph (1) shall be paid, credited, or reimbursed first.

<sup>3/</sup>  In 2018, HRS § 514B-146(k) was recodified as HRS § 514B-146(n). <u>See</u> <u>Larrua</u>, 150 Hawaiʻi at 442 n.14, 504 P.3d at ___ n.14 (citing 2018 Haw. Sess. Laws Act 195, § 4 at 672).  The operative language of HRS § 514B-146(k) and HRS 514B-146(n) is identical.

"does not pertain to any income 'received by the association' or otherwise affect the distribution or allocation of any such income." Id. at 446, 504 P.3d at ___.  Instead, the Confirmation Order concerns only distribution of "rent on the Property **collected by the Commissioner, if any**[.]"  Id.  In addition, as in Larrua, the Confirmation Order "does not purport to entitle the Commissioner to the collection of rental income or [MTGLQ] to the receipt of all income received from the Property, in particular, the rents collected by the AOAO."  Id.

Accordingly, the AOAO's appeal from the Confirmation Order and Judgment is without merit.

## IV.  Conclusion

For the reasons discussed above, the June 27, 2019 Amended Judgment and the June 26, 2020 Judgment, entered by the Circuit Court of the Third Circuit, are affirmed.

DATED:  Honolulu, Hawaiʻi, April 22, 2022.

On the briefs:

R. Laree McGuire and
Brendan K. Ogata
(Porter McGuire Kiakona, LLP)
for Defendant-Appellant

Charles R. Prather,
Peter T. Stone
(TMLF Hawaii LLLC)
for Plaintiff-Appellee in
CAAP-19-0000522

Charles R. Prather,
Jason L. Cotton, and
Peter T. Stone
(TMLF Hawaii LLLC)
for Plaintiff-Appellee in
CAAP-20-0000522)

/s/ Lisa M. Ginoza
Chief Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge

7